EXHIBIT "A"

1   LAW OFFICE OF DAVID J. DON, PLLC
    301 E. Bethany Home Rd., Suite B100
2   Phoenix, Arizona 85012
    (480) 948-1212 / Fax (480) 422-9029
3   Email: david.don@azcivilrights.com
    David J. Don – I.D. #016462
4
    WILLIAM J. WALKER, P.C.
5   2177 E. Warner Rd., Suite 107
    Tempe, Arizona 85284
6   (480) 829-1477 / Fax (480) 829-7159
    Email: billy@wjwatty.com
7   William J. Walker – I.D. #005337
    *Attorneys for Plaintiff Leciah Laughton.*
8

9           IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

10              IN AND FOR THE COUNTY OF MARICOPA

11                                          CV 2 0 1 5 - 0 0 7 4 8 2

12  LECIAH LAUGHTON, a single woman,    Case No. _____

13          Plaintiff,                   SUMMONS

14      vs.

15  TENET HEALTHCARE
    CORPORATION, a Nevada corporation;   If you would like legal advice from a lawyer,
16  VHS OF ARROWHEAD, INC., a Delaware     contact the Lawyer Referral Service at
    corporation dba ABRAZO ARROWHEAD           602-257-4434
17  CAMPUS aka ARROWHEAD HOSPITAL;                or
    ABRAZO HEALTH CARE, a company          www.maricopalawyers.org
18  owned and/or operated by Tenet Healthcare      Sponsored by the
    Corporation; THYSSENKRUPP           Maricopa County Bar Association
19  ELEVATOR CORPORATION, a Delaware
    corporation; TIM RILEY, an Arizona
20  resident; JOHN DOES I-X; JANE DOES I-
    X; TIM RILEY, an individual; ABC
21  CORPORATIONS I-X; and XYZ
    PARTNERSHIPS I-X,
22
            Defendants.
23

24

25
                                    1

1     **TENET HEALTHCARE CORPORATION**
       C/o The Corporation Trust Company of Nevada, Statutory Agent

2     311 South Division Street
       Carson City, Nevada 89703

3

       YOU ARE HEREBY SUMMONED and required to appear and defend, within the time

4  applicable in this action in this Court.  If served within Arizona, you shall appear and defend within
     20 days after the service of the Summons and Complaint upon you, exclusive of the day of service.

5  If served out of the State of Arizona - whether by direct service, by registered or certified mail, or
     by publication - you shall appear and defend within 30 days after the service of the Summons and

6  Complaint upon you is complete, exclusive of the day of service.  Where process is served upon
     the Arizona Director of Insurance as an insurer's attorney to receive service of legal process against

7  it in this state, the insurer shall not be required to appear, answer or plead until expiration of 40
     days after date of such service upon the Director.  Service by registered or certified mail without

8  the State of Arizona is complete 30 days after the date of filing the receipt and affidavit of service
     with the Court.  Service by publication is complete 30 days after the date of first publication.

9  Direct service is complete when made.  Service upon the Arizona Motor Vehicle Superintendent is
     complete 30 days after filing the Affidavit of Compliance and return receipt or Officer's Return.

10

       YOU ARE HEREBY NOTIFIED that in case of your failure to appear and defend within

11  the time applicable, judgment by default may be rendered against you for the relief demanded in
     the Complaint.

12

       YOU ARE CAUTIONED that in order to appear and defend, you must file an Answer or

13  proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee,
     within the time required, and you are required to serve a copy of any Answer or response upon the

14  Plaintiff[s]' attorney.

15     The names and addresses of Plaintiff(s)' attorneys are:

16                   David J. Don
           **LAW OFFICE OF DAVID J. DON, PLLC**

17             301 E. Bethany Home Rd. #B100
               Phoenix, Arizona 85012

18

19               William J. Walker
            **WILLIAM J. WALKER, P.C.**

20             2177 E. Warner Rd. #107
             Tempe, Arizona  85284

21  Requests for reasonable accommodation for persons with disabilities must be made to the division
     assigned to the case by the party needing accommodation or his/her counsel at least three (3)

22  judicial days in advance of a scheduled proceeding.  Requests for an interpreter for persons with
     limited English proficiency must be made to the division assigned to the case by the party needing

23  the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a
     scheduled court proceeding.

24

25

1

SIGNED AND SEALED this Date: _____

2

3            Clerk _____   JUN 17 2015

             By

4            Deputy Clerk _____   MICHAEL K. JEANES, CLERK
                                             D. CONCHOLAR
                                             DEPUTY CLERK

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

3

1   **LAW OFFICE OF DAVID J. DON, PLLC**
    301 E. Bethany Home Rd., Suite B100
2   Phoenix, Arizona 85012
    (480) 948-1212 / Fax (480) 422-9029
3   Email: david.don@azcivilrights.com
    David J. Don – I.D. #016462
4

5   **WILLIAM J. WALKER, P.C.**
    2177 E. Warner Rd., Suite 107
6   Tempe, Arizona 85284
    (480) 829-1477 / Fax (480) 829-7159
7   Email: billy@wjwatty.com
    William J. Walker – I.D. #005337
8   *Attorneys for Plaintiff Leciah Laughton*

9

10           IN THE SUPERIOR COURT FOR THE STATE OF ARIZONA

11               IN AND FOR THE COUNTY OF MARICOPA

12

13   LECIAH LAUGHTON, an individual,   )   Case No.:   **CV 2015-007482**
                                      )
14             Plaintiff,             )   **COMPLAINT**
                                      )
15       vs.                         )
                                      )
16                                     )
    TENET HEALTHCARE CORPORATION, )
17   a Nevada corporation; **VHS OF** )
    **ARROWHEAD INC.**, Delaware )
18   corporation dba ABRAZO ARROWHEAD )
    CAMPUS aka ARROWHEAD )
19   HOSPITAL; **ABRAZO HEALTH CARE**, a )
    company owned and/or operated by )
20   Tenet Healthcare corporation; )
    **THYSSENKRUPP ELEVATOR** )
21   **CORPORATION**, a Delaware )
    corporation; **TIM RILEY**, an Arizona )
22   resident; **JOHN DOES I-X; JANE DOES** )
    **I-X; ABC CORPORATIONS I-X;** and **XYZ** )
23   **PARTNERSHIPS I-X,** )
                                      )
24             Defendants.           )
                                      )
25                                     )

26

COPY

JUN 17 2015

MICHAEL K. JEANES, CLERK
D. CONCHOLAR
DEPUTY CLERK

-1-

Plaintiff, Leciah Laughton ("Plaintiff"), sues Defendants for compensatory damages, injunctive relief, attorneys' fees and costs pursuant to the Arizonans with Disabilities Act (AzDA), A.R. S. § 41- 1492, *et seq.* and Arizona common law of negligence.

## JURISDICTION AND VENUE

1.    This action arises from violations of the Arizonans with Disabilities Act ("AzDA"), A.R. S. § 41- 1492, *et seq.*, which incorporates the standards of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.* ("ADA"), and Arizona state law of negligence.

2.    Defendants have caused Plaintiff to suffer injuries at a property known as the "Arrowhead Community Hospital," located at or about 18701 N. 67th Avenue in Glendale, Arizona.

3.    Defendant Tenet Healthcare Corporation is a Nevada corporation and upon belief the parent corporation of Abrazo Health Care. Defendant VHS of Arrowhead Inc. is a Delaware corporation. Defendant Abrazo Health Care is a parent company of Defendant Tenet Healthcare Corporation. On information and belief, these Defendants Tenet Healthcare Corporation, VHS of Arrowhead Inc., Abrazo Health Care and/or its subsidiary are doing business as Arrowhead Community Hospital (hereinafter Defendants Arrowhead Hospital) and own, operate, lease or lease to others the Arrowhead Community Hospital.

4.    Defendant ThyssenKrupp Elevator Corporation ["ThyssenKrupp"] is a Delaware corporation, authorized to do and doing substantial business in Maricopa County, State of Arizona.   Defendant ThyssenKrupp acting through its agents and/or

1  servants and/or employees caused an event to occur in the State of Arizona, which is the

2  subject of this lawsuit.

3       5.   Defendant Tim Riley is an Arizona resident.  Upon belief he is employed by

4  other Defendants as the Director of Facility Service at Arrowhead Hospital.

5       6.   Defendants John Does I-X, Jane Does I-X, ABC Corporations I-X, and XYZ

6  Partnerships I-X are various individuals, corporations, partnerships, officers, principals,

7  affiliates, trustees, trainees, employees, partners, agents, or representatives of the

8  named Defendants herein, who have contributed to the negligence alleged herein.  The

9  true names of the fictitious Defendants are unknown to the Plaintiff at this time and at

10  such time as the true names of said Defendants are ascertained, Plaintiff will seek leave

11

12  of this Court to substitute them for the fictitious name in which they are sued.

13       7.   Venue is proper as the property which is the subject matter of this claim is

14  located in Maricopa County, Arizona and the Defendant is doing business in Maricopa

15  County, Arizona.

16       8.   The amount in controversy exceeds the minimal jurisdictional limits of this

17  Court.

18

19                  **PLAINTIFF AND STANDING**

20       9.   Plaintiff, Leciah Laughton, is an Arizona resident.  She suffers from medical

21  conditions that compromise her ability to ambulate.  She requires assistive devices for

22  mobility. She is disabled under the meaning of the AzDA.

23       10.  Plaintiff resides in Maricopa County, Arizona and travels to Defendant's

24  property for medical treatment and to visit patients.  Plaintiff has visited the Defendants'

25  hospital a number of times for treatment and for visiting patients including on or about

26

June 20, 2013, to enjoy the goods and services at the hospital as Defendant offers them to non-disabled members of the public.

11. Plaintiff plans to return to the Defendant's hospital to enjoy the goods, services, privileges, advantages or accommodations being offered to non-disabled members of the public, but is deterred from returning because of discriminatory conditions on the property.

12. As a result of Defendants' AzDA violations and negligence, Plaintiff suffered serious physical injuries. In addition, Plaintiff has suffered an injury under the AzDA because she is aware of discriminatory conditions on the property and is being deterred from visiting or patronizing the public accommodations.

13. Plaintiff's injury under the AzDA is concrete and particularized because she is being deterred from visiting or patronizing the hospital.

14. Plaintiff's injury is caused as a direct result of Defendant's failure to construct the property in compliance with the AzDA and its failure to remove discriminatory architectural features on the property.

15. Plaintiff's injury will be redressed by the Court's ordering the Defendants to comply with the AzDA and fully compensating her for her damages.

## STATEMENT OF THE CLAIM

16. On June 20, 2013, Defendants Arrowhead Hospital invited members of the public, including Ms. Laughton, to patronize their property.

17. Plaintiff entered the hospital to visit a patient. She was pushing a wheelchair, along with her ventilator. She was accompanied by her two service dogs.

-4-

18. Unknown to Ms. Laughton, on June 19, 2013, Defendants Arrowhead Hospital had placed Service Request Number 4730998 to ThyssenKrupp to repair the lobby elevator after the doors closed on a patient. The Defendant Tim Riley knew or should have known that the service request for the elevator had been made.

19. Despite knowing the elevator was malfunctioning, Defendants Arrowhead Hospital and Tim Riley chose to keep the elevator in operation.

20. Defendants Arrowhead Hospital and Defendant Tim Riley knew, or had reason to know, the elevator doors could close upon another person prior to the elevator being repaired.

21. Not having received any warning from Defendants about the malfunctioning elevator, Ms. Laughton entered the elevator in the main foyer with her two (2) service dogs, and proceeded to the second floor.

22. Unable to get to the telemetry unit through the labor and delivery ward, Plaintiff did not exit the elevator. She and her two (2) service dogs returned to the ground floor.

23. Once Plaintiff was on the ground floor, Levi, her lead service dog, was instructed to lead the way out.

24. On her service dog's way out, the elevator doors closed and crushed him.

25. The automatic opening mechanism, which Defendants were required to provide, was not provided to Ms. Laughton.

26. Plaintiff was able to hit the open button and the alarm button; however, the doors began opening and closing at a fast rate, continuing to crush her service dog.

27.   As she was in fear of her service dog's life, Plaintiff was able to wedge her body between the doors, in an attempt to have the doors stop.

28.   However, the doors kept on opening and closing, this time crushing Plaintiff's shoulders, neck, head, and jaw.

## COUNT ONE

### (Arizonans with Disabilities Act- Defendants Tenet Healthcare Corporation, VHS of Arrowhead Inc., Abrazo Health Care)

29.   Plaintiff incorporates all the paragraphs above.

30.   Defendants' hospital is a place of public accommodation

31.   Each Defendant has received notice long ago of its obligation to comply with the AzDA and the required standard of the ADA.  Defendants had actual and constructive notice of its obligations under the AzDA and the requirements of the ADA since 1993: Actual notice by virtue of notification provided by the Arizona legislature; constructive notice by virtue of the enactment of the ADA and the standards of AzDA and the associated publicity.

32.   The purpose of providing accessible accommodations to people with disabilities is to provide safe access for all people to participate in public life and thus eradicate the harmful effects of disability discrimination.

33.   Arizona legislatures recognize that "More than fourteen per cent of Arizonans have one or more physical or mental disabilities, and this percentage is increasing as the population as a whole is growing older. Historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem. Discrimination against individuals with disabilities persists in critical areas

1  of public accommodations, transportation and access to public services." A.R.S. T. 41,

2  Ch. 9, Art. 8, Refs & Annos.

3     34.   Therefore, the Arizona legislature passed the AzDA to "[p]rovide a clear and

4  comprehensive state mandate for the elimination of discrimination against individuals with

5  disabilities." A.R.S. T. 41, Ch. 9, Art. 8, Refs & Annos.

6     35.   Defendants have an affirmative obligation to identify the architectural barriers,

7  policy and practices, and absence of medical equipment on its property that discriminate

8  against people with disabilities.

9

10     36.   Defendants are operating the hospital with numerous architectural barriers.

11  Among the most easily recognized architectural barriers to access encountered by

12  Plaintiff at the hospital include:

13     a.   Some of the "accessible" parking spaces (for example, along 67th Avenue),
          have slopes in excess of the 2.08% maximum.

14

15        ADAAG Reference:
          1991 Standards: 4.6.3

16        2010 Standards: 502.4

17     b.   In a number of locations, the bottom of the "accessible" parking space
          signage is mounted at less than the 60" minimum from the ground surface to the

18        bottom of the sign.

19        ADAAG Reference:
          1991 Standards: 4.6.4

20        2010 Standards: 502.6

21     c.   Some of the parking access aisles at designated accessible parking spaces
          (for example, along 67th Avenue), have widths of 42" or narrower, less than the

22        60" minimum.

23        ADAAG Reference:
          1991 Standards: 4.1.2(5)(a)

24        2010 Standards: 502.3.1

25

26

d.    In the women's restroom in the main hospital lobby, the exposed pipes underneath the lavatory are missing required insulation.

ADAAG Reference:
1991 Standards: 4.19.4
2010 Standards: 606.5

e.    In the women's restroom in the main hospital lobby, the paper towel dispenser and other restroom dispensers are located at a height in excess applicable reach ranges.

ADAAG Reference:
1991 Standards: 4.22.7, 4.2
2010 Standards: 606.1, 308.2

f.    In the hotel lobby, the provided elevator door failed to open automatically for obstructions.
ADAAG Reference
4.10.6.

g.    Failure to provide accessible examination rooms, examination tables, and/or other medical equipment for people with mobility impairments.

37.  These barriers and others deter Plaintiff from visiting the property because they are hurtful and demeaning symbols of discrimination and they increase the level of difficulty for Ms. Laughton's physical access.

38.  The identification of barriers listed above is far from comprehensive. Since most barriers involve a matter of mere inches or degrees, by their very nature, Plaintiff requires a site inspection with unfettered access to the property with tools such as a tape measure, slope reader and note pad to provide a comprehensive list of barriers that should be removed.

39.  Defendants have, upon belief, restriped and/or resurfaced or otherwise altered the parking spaces, access aisles and parking lot at the hospital since 1993.

40.  In addition, Defendants have, upon belief, resurfaced and/or renovated or otherwise altered the sidewalks, ramps, routes and other elements at the hospital since

-8-

1   1993, including the area of Ms. Laughton's injury.

2      41.    Defendants have further, upon belief, altered portions of the interior of the

3   hospital, including the restrooms, and dining areas since 1993.

4      42.    As a direct result of Defendants' conduct, Plaintiff has suffered

5   discrimination in the full and equal enjoyment of the goods, services, facilities, privileges,

6

7   advantages, or accommodations at Defendants' property on the basis of disability.

8      43.    Defendants are subjecting Plaintiff to discrimination in some or all of the

9   following ways, namely:

10      a.    denying Plaintiff the opportunity to participate in or benefit from Defendants'
    business;

11

12      b.    affording Plaintiff a benefit that is unequal to that afforded to other people,

13      c.    providing Plaintiff with a separate benefit,

14      d.    failing to provide Plaintiff with the most integrated setting appropriate,

15      e.    denying Plaintiff the opportunity to participate in Defendants' programs or
    activities that are not separate.

16      f.    failing to make reasonable modifications in policies, practices or procedures
17   that would help people with disabilities.

18      g.    failing to remove architectural barriers that are structural in nature that are
    readily achievable.

19      h.    failing to design or construct a facility that is readily accessible to and
20   useable by people with disabilities in accordance with the requirements of the ADAAG.

21      44.    Defendants failed to alter its property to ensure that, to the maximum extent

22   feasible, the altered portions comply with ADAAG and are readily accessible to and

23   usable by individuals with disabilities, including individuals with mobility impairments.

24      45.    Defendants are obligated to remove barriers which impair a disabled

25   person's access to the use and enjoyment of the Defendants' hospital.

26

46.  Removal of each discriminatory barrier is readily achievable, i.e., easily accomplishable and able to be carried out without much difficulty or expense.

47.  No condition exists on the property making it structurally impracticable for Defendants to satisfy in full the requirements of the ADAAG.

48.  Plaintiff will suffer continued discrimination if the barriers to access existing at Defendants' property are not removed.

49.  As a direct and proximate result of the disability discrimination of Defendant herein, Plaintiff has suffered, and continues to suffer, physical and mental injury, including but not limited to, pain and discomfort, the exact nature of which will be shown with specificity upon the trial hereof.

50.  As a direct and proximate result of the disability discrimination of the Defendant, Plaintiff has sustained, and will continue to sustain, medical expenses and other expenses, the exact amount of which will be shown with specificity upon the trial hereof.

**COUNT TWO**

**(Negligence -- Tenet Healthcare Corporation, VHS of Arrowhead Inc., Abrazo Health Care, ThyssenKrupp, Tim Riley)**

51.  Plaintiff incorporates all the paragraphs above.

52.  At all times mentioned, Defendants had a duty to the patients and visitors of Arrowhead Community Hospital, including Plaintiff, to act reasonably and keep and maintain the property in a reasonably safe condition for the use of its patients and visitors.

53.  Defendants owed a duty of care to Plaintiff to keep the property free of unreasonably dangerous conditions that could cause injuries.  Defendants knew or

-10-

should have known of the malfunctioning elevator should have reasonably anticipated that hazardous injuries would arise.

54. Further, Defendants had a duty to warn Plaintiff of any unsafe conditions, a duty to inspect the property for unsafe conditions, and a duty to take reasonable precautions to protect the Plaintiff.

55. At such time and place, Defendants negligently controlled, maintained, and managed the malfunctioning elevator as to negligently fail to protect Plaintiff and her service dog from being injured.

56. Defendants further negligently failed to warn Plaintiff of any danger to which the Plaintiff and her service dogs were exposed to, which danger Defendants knew, or in the exercise of reasonable care should have known to exist, so as to allow Plaintiff and her service dog to be struck by the malfunctioning elevator, resulting in severe and possibly permanent injuries.

57. The injuries to Plaintiff and her service dog were caused solely by Defendants' negligent failure to comport with the standard of care owed to Plaintiff, to keep the property reasonably free of conditions, which could cause injuries.

58. The negligence of Defendants at the above time and place among other things consisted of the following:

    a. Carelessly and negligently permitting and allowing a malfunctioning elevator to remain accessible on the property;

    b. Failing properly to maintain the property, particularly as to the elevators in a safe condition for its patients and visitors;

    c. Failing to warn patients and visitors alike as to the malfunctioning elevator;

d.     Failing to comply with the Arizonans with disabilities act; and

e.     Failing to properly and adequately supervise and oversee the elevators as to prevent hidden dangers on its property.

59.  As a direct and proximate result of the negligence, Plaintiff has incurred severe and possible permanent injuries, which have caused her to suffer great pain and has injured her general health.

60.  As a further direct and proximate result of the negligence of Defendants, Plaintiff's injuries may be permanent and that in all reasonable probability the effects of her injuries may become worse as she grows older.

61.  As a further direct and proximate result of the negligence and carelessness of Defendants, Plaintiff has incurred expenses for medical treatment; and may incur additional medical expenses in the future.

62.  As a further direct and proximate result of the negligence and carelessness of Defendants, Plaintiff has incurred severe mental anguish, aggravation, and physical pain and suffering.

63.  As a direct and proximate result of the negligence of Defendants, Plaintiff incurred property damage, veterinary expenses and possible future veterinary expenses for her service dog.

WHEREFORE, Plaintiff respectfully requests an order against Defendants and its assignees and successors-in-interest to include the following:

a.  General damages in a just and reasonable sum under the AzDA and Arizona common law.

b.  Present and future special damages, including medical expenses and property damage, in a just and reasonable sum, under the AzDA and Arizona common law.

-12-

c.   A temporary injunction and a permanent injunction prohibiting Defendants from conducting business at the hospital until such time as the existing barriers to Plaintiff's access to the property are removed.

d.   An order directing Defendants to remove existing barriers to access and to make the Defendants' hospital accessible to and usable by individuals with disabilities as required by the ADA.

e.   An award of attorneys' fees, costs and litigation expenses pursuant to A.R.S. § 41-1492.09 (F).

f.   For interest on the above sums from the date of judgment until paid.

g.   Such other relief as the Court deems just and proper

RESPECTFULLY SUBMITTED THIS 10th day of June, 2015.

WILLIAM J. WALKER, P.C.
LAW OFFICE OF DAVID J. DON, PLLC

By: _____
     William J. Walker
     *Attorneys for Plaintiff Leciah Laughton*

-13-

1   **LAW OFFICES OF DAVID J. DON, PLLC**
    301 E. Bethany Home Rd., Suite B100
2   Phoenix, Arizona 85012
    (480) 948-1212 / Fax (480) 422-9029
3   Email: david.don@azcivilrights.com
    David J. Don – I.D. #016462
4
    **WILLIAM J. WALKER, P.C.**
5   2177 E. Warner Rd., Suite 107
    Tempe, Arizona 85284
6   (480) 829-1477 / Fax (480) 829-7159
    Email: billy@wjwatty.com
7   William J. Walker – I.D. #005337
    *Attorneys for Plaintiff Leciah Laughton*
8



JUN 17 2015

MICHAEL K. JEANES, CLERK
D. CONCHOLAR
DEPUTY CLERK

9       **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

10         **IN AND FOR THE COUNTY OF MARICOPA**

11
    LECIAH LAUGHTON, a single woman,     Case No.   **CV 2015 – 007482**
12
            Plaintiff,         **CERTIFICATE OF COMPULSORY**
13                               **ARBITRATION**
        vs.
14
    TENET HEALTHCARE
15   CORPORATION, a Nevada corporation;
    VHS OF ARROWHEAD, INC., a Delaware
16   corporation dba ABRAZO ARROWHEAD
    CAMPUS aka ARROWHEAD HOSPITAL;
17   ABRAZO HEALTH CARE, a company
    owned and/or operated by Tenet Healthcare
18   Corporation; THYSSENKRUPP
    ELEVATOR CORPORATION, a Delaware
19   corporation; TIM RILEY, an Arizona
    resident; JOHN DOES I-X; JANE DOES I-
20   X; TIM RILEY, an individual; ABC
    CORPORATIONS I-X; and XYZ
21   PARTNERSHIPS I-X,

22            Defendants.

23

24

25

1    The undersigned certifies that the largest award sought by the Complainant <u>exceeds</u> the

2  limits set by Local Rule for Compulsory Arbitration.  This case is <u>not</u> subject to the Uniform

3  Rules of Procedure for Arbitration.

4    DATED this 16th day of ___June___, 2015.

5

6                          LAW OFFICE OF DAVID J. DON
                           WILLIAM J. WALKER, P.C.
7

8

9                          William J. Walker
                           *Attorneys for Plaintiff*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

                                    2

# CT Corporation

**Service of Process Transmittal**
06/24/2015
CT Log Number 527357251

**TO:**     Debbie Fowler
Tenet Healthcare Corporation
1445 Ross Ave, Fountain Place, Suite 1400
Dallas, TX 75202-2703

**RE:**     **Process Served in Nevada**

**FOR:**    TENET HEALTHCARE CORPORATION (Domestic State: NV)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Leciah Laughton, etc., Pltf. vs. Tenet Healthcare Corporation, etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Certificate |
| **COURT/AGENCY:** | Maricopa County - Superior Court, AZ<br>Case # CV2015007482 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition - On or about 06/20/13 - Arrowhead Hospital, 18701 N. 67th Avenue in Glendale, Arizona |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Trust Company of Nevada, Carson City, NV |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 06/24/2015 at 14:15 |
| **JURISDICTION SERVED :** | Nevada |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service, exclusive of day of service |
| **ATTORNEY(S) / SENDER(S):** | William J. Walker<br>William J. Walker, P.C.<br>2177 E. Warner Rd., Suite 107<br>Tempe, AZ 85284<br>480-829-1477 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/25/2015, Expected Purge Date: 06/30/2015<br>Image SOP<br>Email Notification, Debbie Fowler debbie.fowler@tenethealth.com<br>Email Notification, Olga Barnes olga.barnes@tenethealth.com |
| **SIGNED:** | The Corporation Trust Company of Nevada |
| **ADDRESS:** | 311 South Division Street<br>Carson City, NV 89703 |
| **TELEPHONE:** | 314-863-5545 |

Page 1 of  1 / RS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**EXHIBIT "B"**

1  Stephen C. Yost (011149)
2  Erica J. Krobot (021748)
   CAMPBELL, YOST, CLARE & NORELL, P.C.
3  3101 N. Central Ave., Suite 1200
4  Phoenix, AZ  85012
   (602) 322-1600
5  (602) 322-1604 - fax
6  Email: syost@cycn-phx.com
   *Attorneys for Defendant Tenet Healthcare Corporation and VHS of Arrowhead, Inc.*
7
                    **SUPERIOR COURT THE STATE OF ARIZONA**
8
9                   **IN AND FOR THE COUNTY OF MARICOPA**

10 LECIAH LAUGHTON, a single woman,            )
                                               )  NO. CV2015-007482
11         Plaintiff,                          )
                                               )
12     vs.                                     )  **NOTICE OF FILING**
                                               )  **NOTICE OF REMOVAL**
13                                             )
14 TENET HEALTHCARE CORPORATION, a Nevada      )
   corporation; VHS OF ARROWHEAD, INC. a Delaware )
15 corporation dba ABRAZO ARROWHEAD CAMPUS aka )  (Assigned to the
   ARROWHEAD HOSPITAL; ABRAZO HEALTH CARE,     )    Hon. Randall Warner)
16 a company owned and/or operated by Tenet    )
17 HEALTHCARE Corporation; THYSSENKRUPP        )
   ELEVATOR CORPORATION, a Delaware corporation; )
18 TIM RILEY, an Arizona resident; JOHN DOES I-X; JANE )
19 DOES I-X; TIM RILEY, an individual; ABC     )
   CORPORATIONS I-X; and XYZ PARTNERSHIPS I-X, )
20 Inc.;                                       )
21         Defendants.                         )
                                               )

22
23      Defendants  Tenet  Healthcare  Corporation;  VHS of Arrowhead, Inc. aka  Arrowhead
24 Hospital; and Abrazo Health Care, by and through undersigned counsel, and pursuant to 28 U.S.C.
25 §1441 et. seq., hereby notify this Court that they have filed a Notice of Removal of this action to
26

                                             1

1   the United States District Court for the District of Arizona.  A copy of the Notice of Removal filed

2   July 14, 2015, is attached hereto as **Exhibit "A"**.

3

4          DATED this 14th day of July, 2015.

5                                        **CAMPBELL, YOST, CLARE & NORELL, P.C.**

6

7

8                               By: /s/ *Erica J. Krobot*
                                    Stephen C. Yost
9                                    Erica J. Krobot
                                    3101 N. Central Ave., Suite 1200
10                                   Phoenix, AZ  85012
                                    *Attorneys    for    Defendant    Tenet    Healthcare*
11                                   *Corporation and VHS of Arrowhead, Inc.*

12  PLEADING e-filed with the Court
13  this 14th day of July, 2015, and
    electronically delivered to:
14

15  Hon. Randall Warner
    Maricopa County Superior Court
16

17  **COPY** of the foregoing e-mailed this same day to:

18  David J. Don, PLLC
19  LAW OFFICE OF DAVID J. DON, PLLC
    301 E. Bethany Home Rd., Suite B100
20  Phoenix, AZ  85012
    David.don@azbar.org
21  *Attorneys for Plaintiff*

22  William J. Walker, Esq.
23  c/o WILLIAM WALKER, PC
    2177 E. Warner Rd., Suite 107
24  Tempe, AZ  85284
25  billy@wjwatty.com
    *Attorneys for Plaintiff*
26

                                        2

1   /s/ T. Mills, PLS

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**Tanya Mills**

| | |
|---|---|
| **From:** | TurboCourt Customer Service <CustomerService@TurboCourt.com> |
| **Sent:** | Tuesday, July 14, 2015 2:03 PM |
| **To:** | Tanya Mills |
| **Subject:** | AZTurboCourt E-Filing Courtesy Notification |

PLEASE DO NOT REPLY TO THIS EMAIL.

A party in this case requested that you receive an AZTurboCourt Courtesy Notification.

AZTurboCourt Form Set #1482110 has been DELIVERED to Maricopa County.

You will be notified when these documents have been processed by the court.

Here are the filing details:
Case Number: CV2015-007482 (Note: If this filing is for case initiation, you will receive a separate notification when the case # is assigned.)
Case Title: Laughton Vs. Tenet Healthcare Corporation, Et.Al.
Filed By: Tanya Mills
AZTurboCourt Form Set: #1482110
Keyword/Matter #: 00067.118
Delivery Date and Time: Jul 14, 2015 2:03 PM MST

Forms:
Summary Sheet (This summary sheet will not be filed with the court. This sheet is for your personal records only.)


Attached Documents:
Notice of Removal to Federal Court: Notice of Filing Notice of Removal
Exhibit/Attachment (Supporting): Exhibit

**EXHIBIT "A"**

Stephen C. Yost (011149)
Erica J. Krobot (021748)
CAMPBELL, YOST, CLARE & NORELL, P.C.
3101 N. Central Ave., Suite 1200
Phoenix, AZ 85012
(602) 322-1600
(602) 322-1604 - fax
Email: syost@cycn-phx.com
*Attorneys for Defendant Tenet Healthcare Corporation and VHS of Arrowhead, Inc.*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| LECIAH LAUGHTON, a single woman, | ) |
| | ) NO. _____ |
| Plaintiff, | ) |
| | ) **NOTICE OF REMOVAL** |
| vs. | ) **OF MARICOPA** |
| | ) **COUNTY SUPERIOR** |
| | ) **COURT CASE NO.** |
| TENET HEALTHCARE CORPORATION, a Nevada | ) **CV2015-007482 TO THE** |
| corporation; VHS OF ARROWHEAD, INC. a Delaware | ) **UNITED STATES** |
| corporation dba ABRAZO ARROWHEAD CAMPUS aka | ) **DISTRICT COURT** |
| ARROWHEAD HOSPITAL; ABRAZO HEALTH CARE, | ) |
| a company owned and/or operated by Tenet | ) |
| HEALTHCARE Corporation; THYSSENKRUPP | ) |
| ELEVATOR CORPORATION, a Delaware corporation; | ) |
| TIM RILEY, an Arizona resident; JOHN DOES I-X; JANE | ) |
| DOES I-X; TIM RILEY, an individual; ABC | ) |
| CORPORATIONS I-X; and XYZ PARTNERSHIPS I-X, | ) |
| Inc.; | ) |
| Defendants. | ) |

Defendants Tenet Healthcare Corporation; VHS of Arrowhead, Inc. aka Arrowhead

Hospital; and Abrazo Health Care ("Defendants"), by and through undersigned counsel and

pursuant to 28 U.S.C §1446 (A) and Rule 3.6, Rules of Practice of the United States District Court

for the District of Arizona, submit their Notice of Removal of the above-captioned case, cause

number CV2015-007482, from the Arizona Superior Court, Maricopa County, to this Court, and in support of removal assert the following:

1.    On June 17, 2015, Plaintiff filed her Complaint against Defendants under caption *LECIAH LAUGHTON, Plaintiff v. TENET HEALTHCARE CORPORATION, a Nevada Corporation; VHS OF ARROWHEAD, INC., Delaware Corporation dba ABRAZO ARROWHEAD CAMPUS aka ARROWHEAD HOSPITAL; ABRAZO HEALTH CARE, a company owned and/or operated by Tenet Healthcare corporation; THYSSENKRUPP ELEVATOR CORPORATION; a Delaware corporation; TIM RILEY, an Arizona resident; JOHN DOES I-X; JANE DOES I-X; ABC CORPORATIONS 1-X; and XYZ PARTNERSHIPS I-X; Defendants,* No. CV2015-0007842.   A copy of the Complaint and all other documents previously filed in this matter and served on Defendants are attached hereto as **Exhibit "A"**.

2.    Defendants have not pled, answered or otherwise appeared in the action.

3.    This Notice of Removal is filed within 30 days after service of the Complaint and is therefore filed under 28 U.S.C. §1446(b)

4.    The lawsuit filed in Maricopa County, among other claims, alleges violations of Arizonans with Disabilities Act ("AzDA"), A.R.S. §41-1492, and expressly alleges incorporates standards of Title III of the Americans with Disabilities Act, 42 U.S.C. §12181, et seq. ("ADA"), as well as state law of negligence, and is brought pursuant to same.

5.    By reason of the above facts, (a) the United States District Court has original jurisdiction of the civil actions pursuant to 28 U.S.C. §1331, because one or more claims asserted

by the Plaintiff arises under the Constitution, laws, or treaties of the United States; and (b) the case is removable pursuant to 28 U.S.C. §1441.

6.      Notice of Filing of Notice of Removal, a true and correct copy of which is attached as **Exhibit "B,"** has been filed in the Arizona Superior Court, County of Maricopa, on behalf of Defendants.

WHEREFORE, Defendants respectfully request that the above action now pending in the Arizona Superior Court, Maricopa County, be removed to this Court.

RESPECTFULLY SUBMITTED this 14th day of July, 2015.

**CAMPBELL, YOST, CLARE & NORELL, P.C.**


By: _/s/ Erica J. Krobot_
    Stephen C. Yost
    Erica J. Krobot
    3101 N. Central Ave., Suite 1200
    Phoenix, AZ 85012
    _Attorneys for Defendant Tenet Healthcare Corporation and VHS of Arrowhead, Inc._


<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 14, 2015 I caused the foregoing document to be electronically transmitted to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

David J. Don, PLLC
LAW OFFICE OF DAVID J. DON, PLLC
301 E. Bethany Home Rd., Suite B100
Phoenix, AZ 85012
David.don@azbar.org
_Attorneys for Plaintiff_

3

1  William J. Walker, Esq.
2  c/o WILLIAM WALKER, PC
   2177 E. Warner Rd., Suite 107
3  Tempe, AZ  85284
4  billy@wjwatty.com
   *Attorneys for Plaintiff*
5

6

7  */s/ T. Mills, PLS*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

EXHIBIT "A"

LAW OFFICE OF DAVID J. DON, PLLC
301 E. Bethany Home Rd., Suite B100
Phoenix, Arizona 85012
(480) 948-1212 / Fax (480) 422-9029
Email: david.don@azcivilrights.com
David J. Don – I.D. #016462

WILLIAM J. WALKER, P.C.
2177 E. Warner Rd., Suite 107
Tempe, Arizona 85284
(480) 829-1477 / Fax (480) 829-7159
Email: billy@wjwatty.com
William J. Walker – I.D. #005337
*Attorneys for Plaintiff Leciah Laughton*

RECEIVED
JUN 2 9 2015

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

CV 2015-007482

| | |
|---|---|
| LECIAH LAUGHTON, a single woman, | Case No. _____ |
| Plaintiff, | SUMMONS |
| vs. | |
| TENET HEALTHCARE CORPORATION, a Nevada corporation; VHS OF ARROWHEAD, INC., a Delaware corporation dba ABRAZO ARROWHEAD CAMPUS aka ARROWHEAD HOSPITAL; ABRAZO HEALTH CARE, a company owned and/or operated by Tenet Healthcare Corporation; THYSSENKRUPP ELEVATOR CORPORATION, a Delaware corporation; TIM RILEY, an Arizona resident; JOHN DOES I-X; JANE DOES I-X; TIM RILEY, an individual; ABC CORPORATIONS I-X; and XYZ PARTNERSHIPS I-X, | If you would like legal advice from a lawyer, contact the Lawyer Referral Service at 602-257-4434 or www.maricopalawyers.org Sponsored by the Maricopa County Bar Association |
| Defendants. | |

1

**TENET HEALTHCARE CORPORATION**
C/o The Corporation Trust Company of Nevada, Statutory Agent
311 South Division Street
Carson City, Nevada 89703

YOU ARE HEREBY SUMMONED and required to appear and defend, within the time applicable in this action in this Court. If served within Arizona, you shall appear and defend within 20 days after the service of the Summons and Complaint upon you, exclusive of the day of service. If served out of the State of Arizona – whether by direct service, by registered or certified mail, or by publication – you shall appear and defend within 30 days after the service of the Summons and Complaint upon you is complete, exclusive of the day of service. Where process is served upon the Arizona Director of Insurance as an insurer's attorney to receive service of legal process against it in this state, the insurer shall not be required to appear, answer or plead until expiration of 40 days after date of such service upon the Director. Service by registered or certified mail without the State of Arizona is complete 30 days after the date of filing the receipt and affidavit of service with the Court. Service by publication is complete 30 days after the date of first publication. Direct service is complete when made. Service upon the Arizona Motor Vehicle Superintendent is complete 30 days after filing the Affidavit of Compliance and return receipt or Officer's Return.

YOU ARE HEREBY NOTIFIED that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.

YOU ARE CAUTIONED that in order to appear and defend, you must file an Answer or proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or response upon the Plaintiff[s]' attorney.

The names and addresses of Plaintiff(s)' attorneys are:

David J. Don
**LAW OFFICE OF DAVID J. DON, PLLC**
301 E. Bethany Home Rd. #B100
Phoenix, Arizona 85012

William J. Walker
**WILLIAM J. WALKER, P.C.**
2177 E. Warner Rd. #107
Tempe, Arizona 85284

Requests for reasonable accommodation for persons with disabilities must be made to the division assigned to the case by the party needing accommodation or his/her counsel at least three (3) judicial days in advance of a scheduled proceeding. Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

2

1

SIGNED AND SEALED this Date:_____ COPY

2

3          By          Clerk _____ JUN 1 7 2015

4                       Deputy Clerk          MICHAEL K. JEANES, CLERK
                                              D. CONCHOLAR
                                     SEAL     DEPUTY CLERK

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

3

1

**LAW OFFICE OF DAVID J. DON, PLLC**
301 E. Bethany Home Rd., Suite B100
2 Phoenix, Arizona 85012
(480) 948-1212 / Fax (480) 422-9029
3 Email: david.don@azcivilrights.com
David J. Don – I.D. #016462
4

5 **WILLIAM J. WALKER, P.C.**
2177 E. Warner Rd., Suite 107
6 Tempe, Arizona 85284
(480) 829-1477 / Fax (480) 829-7159
7 Email: billy@wjwatty.com
William J. Walker – I.D. #005337
8 *Attorneys for Plaintiff Leciah Laughton*

COPY

JUN 17 2015

MICHAEL K. JEANES, CLERK
D. CONCHOLAR
DEPUTY CLERK

9

10         IN THE SUPERIOR COURT FOR THE STATE OF ARIZONA

11            IN AND FOR THE COUNTY OF MARICOPA

12

13 LECIAH LAUGHTON, an individual,   )  Case No.:  CV2015-007482
                           )
14         Plaintiff,          )  **COMPLAINT**
                           )
15       vs.                  )
                           )
16 TENET HEALTHCARE CORPORATION, )
a Nevada corporation; VHS OF      )
17 ARROWHEAD INC., Delaware       )
corporation dba ABRAZO ARROWHEAD )
18 CAMPUS aka ARROWHEAD        )
HOSPITAL; ABRAZO HEALTH CARE, a )
19 company owned and/or operated by   )
Tenet Healthcare corporation;      )
20 THYSSENKRUPP ELEVATOR       )
CORPORATION, a Delaware        )
21 corporation; TIM RILEY, an Arizona  )
resident; JOHN DOES I-X; JANE DOES )
22 I-X; ABC CORPORATIONS I-X; and XYZ )
PARTNERSHIPS I-X,          )
23                         )
                           )
24         Defendants.      )
                           )
25                         )

26

-1-

Plaintiff, Leciah Laughton ("Plaintiff"), sues Defendants for compensatory damages, injunctive relief, attorneys' fees and costs pursuant to the Arizonans with Disabilities Act (AzDA), A.R. S: § 41- 1492, *et seq.* and Arizona common law of negligence.

### JURISDICTION AND VENUE

1.   This action arises from violations of the Arizonans with Disabilities Act ("AzDA"), A.R. S. § 41- 1492, *et seq.*, which incorporates the standards of Title III of the Americans with Disabilities Act; 42 U.S.C. § 12181, *et seq.* ("ADA"), and Arizona state law of negligence.

2.   Defendants have caused Plaintiff to suffer injuries at a property known as the "Arrowhead Community Hospital," located at or about 18701 N. 67th Avenue in Glendale, Arizona.

3.   Defendant Tenet Healthcare Corporation is a Nevada corporation and upon belief the parent corporation of Abrazo Health Care. Defendant VHS of Arrowhead Inc. is a Delaware corporation. Defendant Abrazo Health Care is a parent company of Defendant Tenet Healthcare Corporation. On information and belief, these Defendants Tenet Healthcare Corporation, VHS of Arrowhead Inc., Abrazo Health Care and/or its subsidiary are doing business as Arrowhead Community Hospital (hereinafter Defendants Arrowhead Hospital) and own, operate, lease or lease to others the Arrowhead Community Hospital.

4.   Defendant ThyssenKrupp Elevator Corporation ["ThyssenKrupp"] is a Delaware corporation, authorized to do and doing substantial business in Maricopa County, State of Arizona.   Defendant ThyssenKrupp acting through its agents and/or

1  servants and/or employees caused an event to occur in the State of Arizona, which is the

2  subject of this lawsuit.

3      5.    Defendant Tim Riley is an Arizona resident.   Upon belief he is employed by

4  other Defendants as the Director of Facility Service at Arrowhead Hospital.

5      6.    Defendants John Does I-X, Jane Does I-X, ABC Corporations I-X, and XYZ

6  Partnerships I-X are various individuals, corporations, partnerships, officers, principals,

7  affiliates, trustees, trainees, employees, partners, agents, or representatives of the

8  named Defendants herein, who have contributed to the negligence alleged herein.   The

9  true names of the fictitious Defendants are unknown to the Plaintiff at this time and at

10  such time as the true names of said Defendants are ascertained, Plaintiff will seek leave

11

12  of this Court to substitute them for the fictitious name in which they are sued.

13      7.    Venue is proper as the property which is the subject matter of this claim is

14  located in Maricopa County, Arizona and the Defendant is doing business in Maricopa

15  County, Arizona.

16      8.    The amount in controversy exceeds the minimal jurisdictional limits of this

17  Court.

18

19                    **PLAINTIFF AND STANDING**

20      9.    Plaintiff, Leciah Laughton, is an Arizona resident.   She suffers from medical

21  conditions that compromise her ability to ambulate.   She requires assistive devices for

22  mobility. She is disabled under the meaning of the AzDA.

23      10.  Plaintiff resides in Maricopa County, Arizona and travels to Defendant's

24  property for medical treatment and to visit patients.  Plaintiff has visited the Defendants'

25  hospital a number of times for treatment and for visiting patients including on or about

26

June 20, 2013, to enjoy the goods and services at the hospital as Defendant offers them to non-disabled members of the public.

11. Plaintiff plans to return to the Defendant's hospital to enjoy the goods, services, privileges, advantages or accommodations being offered to non-disabled members of the public, but is deterred from returning because of discriminatory conditions on the property.

12. As a result of Defendants' AzDA violations and negligence, Plaintiff suffered serious physical injuries. In addition, Plaintiff has suffered an injury under the AzDA because she is aware of discriminatory conditions on the property and is being deterred from visiting or patronizing the public accommodations.

13. Plaintiff's injury under the AzDA is concrete and particularized because she is being deterred from visiting or patronizing the hospital.

14. Plaintiff's injury is caused as a direct result of Defendant's failure to construct the property in compliance with the AzDA and its failure to remove discriminatory architectural features on the property.

15. Plaintiff's injury will be redressed by the Court's ordering the Defendants to comply with the AzDA and fully compensating her for her damages.

## STATEMENT OF THE CLAIM

16. On June 20, 2013, Defendants Arrowhead Hospital invited members of the public, including Ms. Laughton, to patronize their property.

17. Plaintiff entered the hospital to visit a patient. She was pushing a wheelchair, along with her ventilator. She was accompanied by her two service dogs.

18. Unknown to Ms. Laughton, on June 19, 2013, Defendants Arrowhead Hospital had placed Service Request Number 4730998 to ThyssenKrupp to repair the lobby elevator after the doors closed on a patient. The Defendant Tim Riley knew or should have known that the service request for the elevator had been made.

19. Despite knowing the elevator was malfunctioning, Defendants Arrowhead Hospital and Tim Riley chose to keep the elevator in operation.

20. Defendants Arrowhead Hospital and Defendant Tim Riley knew, or had reason to know, the elevator doors could close upon another person prior to the elevator being repaired.

21. Not having received any warning from Defendants about the malfunctioning elevator, Ms. Laughton entered the elevator in the main foyer with her two (2) service dogs, and proceeded to the second floor.

22. Unable to get to the telemetry unit through the labor and delivery ward, Plaintiff did not exit the elevator. She and her two (2) service dogs returned to the ground floor.

23. Once Plaintiff was on the ground floor, Levi, her lead service dog, was instructed to lead the way out.

24. On her service dog's way out, the elevator doors closed and crushed him.

25. The automatic opening mechanism, which Defendants were required to provide, was not provided to Ms. Laughton.

26. Plaintiff was able to hit the open button and the alarm button; however, the doors began opening and closing at a fast rate, continuing to crush her service dog.

27.  As she was in fear of her service dog's life, Plaintiff was able to wedge her body between the doors, in an attempt to have the doors stop.

28.  However, the doors kept on opening and closing, this time crushing Plaintiff's shoulders, neck, head, and jaw.

## COUNT ONE

### (Arizonans with Disabilities Act- Defendants Tenet Healthcare Corporation, VHS of Arrowhead Inc., Abrazo Health Care)

29.  Plaintiff incorporates all the paragraphs above.

30.  Defendants' hospital is a place of public accommodation

31.  Each Defendant has received notice long ago of its obligation to comply with the AzDA and the required standard of the ADA.  Defendants had actual and constructive notice of its obligations under the AzDA and the requirements of the ADA since 1993: Actual notice by virtue of notification provided by the Arizona legislature; constructive notice by virtue of the enactment of the ADA and the standards of AzDA and the associated publicity.

32.  The purpose of providing accessible accommodations to people with disabilities is to provide safe access for all people to participate in public life and thus eradicate the harmful effects of disability discrimination.

33.  Arizona legislatures recognize that "More than fourteen per cent of Arizonans have one or more physical or mental disabilities, and this percentage is increasing as the population as a whole is growing older. Historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem. Discrimination against individuals with disabilities persists in critical areas

of public accommodations, transportation and access to public services." A.R.S. T. 41, Ch. 9, Art. 8, Refs & Annos.

34.   Therefore, the Arizona legislature passed the AzDA to "[p]rovide a clear and comprehensive state mandate for the elimination of discrimination against individuals with disabilities." A.R.S. T. 41, Ch. 9, Art. 8, Refs & Annos.

35.   Defendants have an affirmative obligation to identify the architectural barriers, policy and practices, and absence of medical equipment on its property that discriminate against people with disabilities.

36.   Defendants are operating the hospital with numerous architectural barriers. Among the most easily recognized architectural barriers to access encountered by Plaintiff at the hospital include:

a.   Some of the "accessible" parking spaces (for example, along 67th Avenue), have slopes in excess of the 2.08% maximum.

ADAAG Reference:
1991 Standards:  4.6.3
2010 Standards:  502.4

b.   In a number of locations, the bottom of the "accessible" parking space signage is mounted at less than the 60" minimum from the ground surface to the bottom of the sign.

ADAAG Reference:
1991 Standards:  4.6.4
2010 Standards:  502.6

c.   Some of the parking access aisles at designated accessible parking spaces (for example, along 67th Avenue), have widths of 42" or narrower, less than the 60" minimum.

ADAAG Reference:
1991 Standards:   4.1.2(5)(a)
2010 Standards:   502.3.1

-7-

d.    In the women's restroom in the main hospital lobby, the exposed pipes underneath the lavatory are missing required insulation.

    <u>ADAAG Reference:</u>
    1991 Standards:  4.19.4
    2010 Standards:  606.5

e.    In the women's restroom in the main hospital lobby, the paper towel dispenser and other restroom dispensers are located at a height in excess applicable reach ranges.

    <u>ADAAG Reference:</u>
    1991 Standards:  4.22.7, 4.2
    2010 Standards:  606.1, 308.2

f.    In the hotel lobby, the provided elevator door failed to open automatically for obstructions.
    <u>ADAAG Reference</u>
    4.10.6.

g.    Failure to provide accessible examination rooms, examination tables, and/or other medical equipment for people with mobility impairments.

37.  These barriers and others deter Plaintiff from visiting the property because they are hurtful and demeaning symbols of discrimination and they increase the level of difficulty for Ms. Laughton's physical access.

38.  The identification of barriers listed above is far from comprehensive.  Since most barriers involve a matter of mere inches or degrees, by their very nature, Plaintiff requires a site inspection with unfettered access to the property with tools such as a tape measure, slope reader and note pad to provide a comprehensive list of barriers that should be removed.

39.  Defendants have, upon belief, restriped and/or resurfaced or otherwise altered the parking spaces, access aisles and parking lot at the hospital since 1993.

40.  In addition, Defendants have, upon belief, resurfaced and/or renovated or otherwise altered the sidewalks, ramps, routes and other elements at the hospital since

1    1993, including the area of Ms. Laughton's injury.

2        41.    Defendants have further, upon belief, altered portions of the interior of the

3    hospital, including the restrooms, and dining areas since 1993.

4        42.    As a direct result of Defendants' conduct, Plaintiff has suffered

5    discrimination in the full and equal enjoyment of the goods, services, facilities, privileges,

6    advantages, or accommodations at Defendants' property on the basis of disability.

7        43.    Defendants are subjecting Plaintiff to discrimination in some or all of the

8    following ways, namely:

9        a.    denying Plaintiff the opportunity to participate in or benefit from Defendants'

10   business;

11       b.    affording Plaintiff a benefit that is unequal to that afforded to other people,

12       c.    providing Plaintiff with a separate benefit,

13       d.    failing to provide Plaintiff with the most integrated setting appropriate,

14       e.    denying Plaintiff the opportunity to participate in Defendants' programs or

15   activities that are not separate.

16       f.    failing to make reasonable modifications in policies, practices or procedures
     that would help people with disabilities.

17

18       g.    failing to remove architectural barriers that are structural in nature that are
     readily achievable.

19

20       h.    failing to design or construct a facility that is readily accessible to and
     useable by people with disabilities in accordance with the requirements of the ADAAG.

21       44.    Defendants failed to alter its property to ensure that, to the maximum extent

22   feasible, the altered portions comply with ADAAG and are readily accessible to and

23   usable by individuals with disabilities, including individuals with mobility impairments.

24       45.    Defendants are obligated to remove barriers which impair a disabled

25   person's access to the use and enjoyment of the Defendants' hospital.

26

-9-

46.   Removal of each discriminatory barrier is readily achievable, i.e., easily accomplishable and able to be carried out without much difficulty or expense.

47.   No condition exists on the property making it structurally impracticable for Defendants to satisfy in full the requirements of the ADAAG.

48.   Plaintiff will suffer continued discrimination if the barriers to access existing at Defendants' property are not removed.

49.   As a direct and proximate result of the disability discrimination of Defendant herein, Plaintiff has suffered, and continues to suffer, physical and mental injury, including but not limited to, pain and discomfort, the exact nature of which will be shown with specificity upon the trial hereof.

50.   As a direct and proximate result of the disability discrimination of the Defendant, Plaintiff has sustained, and will continue to sustain, medical expenses and other expenses, the exact amount of which will be shown with specificity upon the trial hereof.

**COUNT TWO**

**(Negligence – Tenet Healthcare Corporation, VHS of Arrowhead Inc., Abrazo Health Care, ThyssenKrupp, Tim Riley)**

51.   Plaintiff incorporates all the paragraphs above.

52.   At all times mentioned, Defendants had a duty to the patients and visitors of Arrowhead Community Hospital, including Plaintiff, to act reasonably and keep and maintain the property in a reasonably safe condition for the use of its patients and visitors.

53.   Defendants owed a duty of care to Plaintiff to keep the property free of unreasonably dangerous conditions that could cause injuries.   Defendants knew or

1   should have known of the malfunctioning elevator should have reasonably anticipated

2   that hazardous injuries would arise.

3       54.  Further, Defendants had a duty to warn Plaintiff of any unsafe conditions, a

4   duty to inspect the property for unsafe conditions, and a duty to take reasonable

5   precautions to protect the Plaintiff.

6       55.  At such time and place, Defendants negligently controlled, maintained, and

7   managed the malfunctioning elevator as to negligently fail to protect Plaintiff and her

8   service dog from being injured.

9

10      56.  Defendants further negligently failed to warn Plaintiff of any danger to which

11  the Plaintiff and her service dogs were exposed to, which danger Defendants knew, or in

12  the exercise of reasonable care should have known to exist, so as to allow Plaintiff and

13  her service dog to be struck by the malfunctioning elevator, resulting in severe and

14  possibly permanent injuries.

15      57.  The injuries to Plaintiff and her service dog were caused solely by

16  Defendants' negligent failure to comport with the standard of care owed to Plaintiff, to

17  keep the property reasonably free of conditions, which could cause injuries.

18      58.  The negligence of Defendants at the above time and place among other

19  things consisted of the following:

20

21      a. Carelessly and negligently permitting and allowing a malfunctioning elevator to

22      remain accessible on the property;

23      b.    Failing properly to maintain the property, particularly as to the elevators in a

24      safe condition for its patients and visitors;

25      c.    Failing to warn patients and visitors alike as to the malfunctioning elevator;

26

-11-

d.   Failing to comply with the Arizonans with disabilities act; and

e.   Failing to properly and adequately supervise and oversee the elevators as to prevent hidden dangers on its property.

59. As a direct and proximate result of the negligence, Plaintiff has incurred severe and possible permanent injuries, which have caused her to suffer great pain and has injured her general health.

60. As a further direct and proximate result of the negligence of Defendants, Plaintiff's injuries may be permanent and that in all reasonable probability the effects of her injuries may become worse as she grows older.

61. As a further direct and proximate result of the negligence and carelessness of Defendants, Plaintiff has incurred expenses for medical treatment, and may incur additional medical expenses in the future.

62. As a further direct and proximate result of the negligence and carelessness of Defendants, Plaintiff has incurred severe mental anguish, aggravation, and physical pain and suffering.

63. As a direct and proximate result of the negligence of Defendants, Plaintiff incurred property damage, veterinary expenses and possible future veterinary expenses for her service dog.

WHEREFORE, Plaintiff respectfully requests an order against Defendants and its assignees and successors-in-interest to include the following:

a.   General damages in a just and reasonable sum under the AzDA and Arizona common law.

b.   Present and future special damages, including medical expenses and property damage, in a just and reasonable sum, under the AzDA and Arizona common law.

-12-

c. A temporary injunction and a permanent injunction prohibiting Defendants from conducting business at the hospital until such time as the existing barriers to Plaintiff's access to the property are removed.

d. An order directing Defendants to remove existing barriers to access and to make the Defendants' hospital accessible to and usable by individuals with disabilities as required by the ADA.

e. An award of attorneys' fees, costs and litigation expenses pursuant to A.R.S. § 41-1492.09 (F).

f. For interest on the above sums from the date of judgment until paid.

g. Such other relief as the Court deems just and proper

RESPECTFULLY SUBMITTED THIS _16th_ day of June, 2015.

WILLIAM J. WALKER, P.C.
LAW OFFICE OF DAVID J. DON, PLLC

By: _____
        William J. Walker
        *Attorneys for Plaintiff Leciah Laughton*

1 | LAW OFFICES OF DAVID J. DON, PLLC
301 E. Bethany Home Rd., Suite B100
2 | Phoenix, Arizona 85012
(480) 948-1212 / Fax (480) 422-9029
3 | Email: david.don@azcivilrights.com
David J. Don – I.D. #016462
4 |
WILLIAM J. WALKER, P.C.
5 | 2177 E. Warner Rd., Suite 107
Tempe, Arizona 85284
6 | (480) 829-1477 / Fax (480) 829-7159
Email: billy@wjwatty.com
7 | William J. Walker – I.D. #005337
*Attorneys for Plaintiff Leciah Laughton*
8 |



JUN 17 2015

MICHAEL K. JEANES, CLERK
D. CONCHOLAR
DEPUTY CLERK

9 |            IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

10 |            IN AND FOR THE COUNTY OF MARICOPA

11 |

12 | LECIAH LAUGHTON, a single woman,        Case No. ___CV 2015-007482

           Plaintiff,                     CERTIFICATE OF COMPULSORY
13 |                                              ARBITRATION

14 |       vs.

15 | TENET HEALTHCARE
CORPORATION, a Nevada corporation;
16 | VHS OF ARROWHEAD, INC., a Delaware
corporation dba ABRAZO ARROWHEAD
17 | CAMPUS aka ARROWHEAD HOSPITAL;
ABRAZO HEALTH CARE, a company
18 | owned and/or operated by Tenet Healthcare
Corporation; THYSSENKRUPP
19 | ELEVATOR CORPORATION, a Delaware
corporation; TIM RILEY, an Arizona
20 | resident; JOHN DOES I-X; JANE DOES I-
X; TIM RILEY, an individual; ABC
21 | CORPORATIONS I-X; and XYZ
PARTNERSHIPS I-X,
22 |
           Defendants.
23 |

24 |

25 |

1

1        The undersigned certifies that the largest award sought by the Complainant <u>exceeds</u> the

2    limits set by Local Rule for Compulsory Arbitration.   This case is <u>not</u> subject to the Uniform

3    Rules of Procedure for Arbitration.

4        DATED this _16th_ day of _June_____, 2015.

5

6                                   **LAW OFFICE OF DAVID J. DON**

                                  **WILLIAM J. WALKER, P.C.**

7

8                                    William J. Walker

9                                    *Attorneys for Plaintiff*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

                                                      2

 **CT Corporation**

**Service of Process Transmittal**
06/24/2015
CT Log Number 527357251

**TO:**  Debbie Fowler
Tenet Healthcare Corporation
1445 Ross Ave, Fountain Place, Suite 1400
Dallas, TX 75202-2703

**RE:**  **Process Served in Nevada**

**FOR:**  TENET HEALTHCARE CORPORATION (Domestic State: NV)

---

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Leciah Laughton, etc., Pltf. vs. Tenet Healthcare Corporation, etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Certificate |
| **COURT/AGENCY:** | Maricopa County - Superior Court, AZ<br>Case # CV2015007482 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition - On or about 06/20/13 - Arrowhead Hospital, 18701 N. 67th Avenue in Glendale, Arizona |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Trust Company of Nevada, Carson City, NV |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 06/24/2015 at 14:15 |
| **JURISDICTION SERVED :** | Nevada |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service, exclusive of day of service |
| **ATTORNEY(S) / SENDER(S):** | William J. Walker<br>William J. Walker, P.C.<br>2177 E. Warner Rd., Suite 107<br>Tempe, AZ 85284<br>480-829-1477 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/25/2015, Expected Purge Date: 06/30/2015<br>Image SOP<br>Email Notification, Debbie Fowler debbie.fowler@tenethealth.com<br>Email Notification, Olga Barnes olga.barnes@tenethealth.com |
| **SIGNED:** | The Corporation Trust Company of Nevada |
| **ADDRESS:** | 311 South Division Street<br>Carson City, NV 89703 |
| **TELEPHONE:** | 314-863-5545 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.