1    **WO**

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                     **FOR THE DISTRICT OF ARIZONA**

8

9    Leciah Laughton, an individual,                    No. CV-15-1310- PHX DGC

10                         Plaintiff,                    **ORDER**

11   v.

12   Tenet Healthcare Corporation et. al,

13                         Defendants.

14

15        Plaintiff Leciah Laughton has filed a motion to remand this case to Maricopa

16   County Superior Court.  Defendant Tenet Healthcare Corporation opposes the motion.

17   The motion is fully briefed, and no party has requested oral argument.  The Court will

18   grant the motion to remand and deny the request for attorneys' fees and costs.

19   **I.      Legal Standards.**

20        **A.      Removal and Remand.**

21        Pursuant to the removal statute, 28 U.S.C. § 1441(a), a civil case brought in state

22   court over which the federal district courts have original jurisdiction may be removed to

23   the federal court in the district where the action is pending.  The statute is to be strictly

24   construed against removal jurisdiction.  *See Syngenta Crop Protection, Inc. v. Henson*,

25   537 U.S. 28, 32 (2002); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941).

26   This "strong presumption" against removal "means that the defendant always has the

27   burden of establishing that removal is proper."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566

28   (9th Cir. 1992).  Federal jurisdiction must be rejected, and the case remanded to state

1    court, "if there is any doubt as to the right of removal in the first instance."  *Id.*; *see*

2    28 U.S.C. § 1447(c).

3         **B.**     **Federal Question Jurisdiction.**

4         Federal courts have original jurisdiction over civil actions that "arise under" the

5    Constitution or laws of the United States.  *See* 28 U.S.C. § 1331.  Most federal question

6    jurisdiction cases are those in which federal law creates a cause of action.  *Merrell Dow*

7    *Pharms*. *Inc. v. Thompson*, 478 U.S. 804, 808 (1986).  A case may also arise under

8    federal law where "it appears that some substantial, disputed question of federal law is a

9    necessary element of one of the well-pleaded state claims." *Franchise Tax Bd. of State of*

10   *Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 13 (1983).

11   Further, a case may arise under federal law "where the vindication of a right under state

12   law necessarily turn[s] on some construction of federal law."  *Id.* at 9.  The Supreme

13   Court has also made clear, however, that the "mere presence of a federal issue in a state

14   cause of action does not automatically confer federal-question jurisdiction." *Merrell*

15   *Dow*, 478 U.S. at 813.

16   **II.**     **Analysis.**

17        Plaintiff brings this suit under the Arizonans with Disabilities Act ("AzDA"),

18   A.R.S. § 41-1492, *et seq.*, and common law negligence.  It is well established that "the

19   party who brings a suit is master to decide what law he will rely upon," *The Fair v.*

20   *Kohler Die & Specialty Co.*, 228 U.S. 22, 25 (1913), and "if he can maintain his claim on

21   both state and federal grounds, he may ignore the federal question and assert only a state

22   law claim and defeat removal," *Sullivan v. First Affiliated Securities,* 813 F.2d 1368,

23   1372 (9th Cir. 1987), *cert. denied,* 484 U.S. 850 (1987).

24        In *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 343 (9th Cir. 1996), the Ninth

25   Circuit identified three possible grounds for federal question jurisdiction:  (1) when

26   federal law creates the cause of action; (2) when the plaintiff has artfully pled one or

27   more state law claims that should have been characterized as federal claims; or (3) when

28   one or more of the state law claims necessarily turn on the construction of a substantial,

1   disputed federal question.  *Id.*; *see also Merrell Dow*, 478 U.S. at 807-810.  The Court

2   will consider each ground in turn.

3        First, Plaintiff's complaint includes claims under the AzDA and Arizona common

4   law.   As master of the complaint, Plaintiff decided to assert only state law claims.

5   Plaintiff could have filed a claim for relief under the Americans with Disabilities Act

6   ("ADA"), but chose not to.  There is no federal cause of action in this case.

7        Second, under the artful pleading doctrine, a plaintiff may not avoid federal

8   jurisdiction by "omitting from the complaint federal law essential to his claim, or by

9   casting in state law terms a claim that can be made only under federal law."  *Olguin v.*

10  *Inspiration Consol. Copper Co.,* 740 F.2d 1468, 1472 (9th Cir.1984), overruled on other

11  grounds, *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202 (1985).  Plaintiff's claims clearly

12  arise under state law.  Defendant does not contend that Plaintiff has artfully pled around a

13  federal claim.

14       Third, even if state law creates the causes of action, federal jurisdiction may lie if

15  "it appears that some substantial, disputed question of federal law is a *necessary* element

16  of one of the well-pleaded state claims[.]"  *Rains*, 80 F.3d at 345 (quoting *Franchise Tax*

17  *Bd.*, 463 U.S. at 13) (emphasis in *Rains*).   Federal question jurisdiction is not created

18  simply because a violation of federal law is an element of the state law claim.  *Wander v.*

19  *Kaus*, 304 F.3d 856, 859 (9th Cir. 2002).

20       Both parties agree that the AzDA incorporates federal standards established under

21  the ADA.  Plaintiff's complaint asserts as much.  Doc. 1-1, ¶ 1.  But mere incorporation

22  of federal standards in a state law cause of action is not sufficient for federal question

23  jurisdiction.   As noted above, there must be some "substantial, disputed question of

24  federal law" that necessarily will be addressed in the case.  *Rains*, 80 F.3d at 345.

25  Defendant identifies no substantial, disputed question that will arise from or relate to the

26  federal ADA standards applicable in the AzDA claim.  Defendant does not assert that the

27  ADA standards are unclear and require construction, that Plaintiff misapplies them, or

28  that the federal standards otherwise will require court construction.  As noted above,

- 3 -

1    Defendant bears the burden of showing that federal question jurisdiction exists.  *Gaus*,

2    980 F.2d at 566.  Because Defendant has failed to show that "some substantial, disputed

3    question of federal law" is a necessary element of the AzDA claim in this case, *Rains*, 80

4    F.3d at 345, it has failed to carry its burden.  The motion to remand will be granted.[1]

5    **III.    Attorneys' Fees and Costs**

6           Absent unusual circumstances, costs and fees "'should not be awarded when the

7    removing party has an objectively reasonable basis for removal.'"  *Patel v. Del Taco,*

8    *Inc.*, 446 F.3d 996, 999 (9th Cir. 2006) (quoting *Martin v. Franklin Capital Corp.*, 546

9    U.S. 132, 141 (2005)).  In light of the fact that Plaintiff's complaint specifically pleads

10   violations of federal ADA standards, the Court finds that Defendant had an objectively

11   reasonable basis for removal.  The request for attorneys' fees and costs will be denied.

12          **IT IS ORDERED:**

13          1.      Plaintiff's motion to remand (Doc. 5) is **granted.**

14          2.      Plaintiff's request for attorneys' fees and costs is **denied.**

15          3.      The Clerk shall remand this case to Maricopa County Superior Court.

16          Dated this 22nd day of September, 2015.

David G. Campbell
United States District Judge

---

[1] Plaintiff also notes in the reply memorandum that all Defendants have not joined in the notice of removal as required by 28 U.S.C. § 1446(b)(2)(A).  Because this defect was not raised in the motion to remand, the Court will not address it.